**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JEROME BOSNER, | : | |
| | : | Civil Action |
| Petitioner, | : | No. 06-2377 (FSH) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, MICHAEL CHERTOFF, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    JEROME BOSNER, Petitioner pro se
    ID. # 106833
    M.C.A.C.C.
    NEW BRUNSWICK, NJ 08903

**FAITH S. HOCHBERG, District Judge**

On April 26, 2006, Petitioner JEROME BOSNER (hereinafter "Petitioner"), a native of Haiti currently detained at Middlesex County Adult Correctional Center in New Jersey, filed the instant Petition for a Writ of Habeas Corpus (hereinafter "Petition") under 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (hereinafter "DHS").[1]

---

[1] The Homeland Security Act of 2002, 6 U.S.C. §§ 101-557, P.L. 107-296, 116 Stat. 2135 (Nov. 25, 2002), created the Bureau of Citizenship and Immigration Services ("BCIS") within the Department of Homeland Security. See 6 U.S.C. § 271(a). The Act transferred the functions of the Commissioner of the Immigration and

Petitioner, a felon under a final order of removal, see Pet. at 4, asserts that he is being held in custody in violation of 8 U.S.C. § 1231(a)(6), as clarified in Zadvydas v. Davis, 533 U.S. 678 (2001), and the Due Process Clause of the Fifth Amendment, see id. at 7-8, because (1) "Petitioner's removal to Haiti . . . is not significantly likely to occur in the reasonably foreseeable future," (2) he "has cooperated fully with ICE's efforts to remove him from the United States." Id. at 5, 8.

Having thoroughly examined the papers and considered the arguments of the parties, this Court dismisses the Petition.

## JURISDICTION

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody could be "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the instant Petition under § 2241 because Petitioner was

---

Naturalization Service ("INS") to the Director of BCIS, see 6 U.S.C. § 271(b), and abolished INS. See 6 U.S.C. § 291. Accordingly, DHS replaced INS on March 1, 2003.

detained within its jurisdiction at the time he filed his Petition and he asserts that his detention is not statutorily authorized and violates his constitutional rights.  See Zadvydas, 533 U.S. at 699.

## DISCUSSION

"Petitioner . . . was ordered deported/removed from the [United States] by an Immigration Judge on January 10, 2006." Pet. at 4.  "Petitioner did not . . . appeal his case to [the] BIA," id., and has remained in detention after completion of his prison term.  Petitioner contends that his current detention is not statutorily authorized and deprives him of a liberty interest in violation of the United States Constitution. See Pet. at 7-10 (relying on Zadvydas, 533 U.S. at 700-701).

Section 1231(a)(1)(A) provides that the government has a 90-day "removal period" to remove an alien ordered removed from the United States.  The "removal period" starts on the latest of the following: (1) the date when the order of removal becomes administratively final (that is, appeal to BIA was either taken and ruled upon or the time to appeal expired); or (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order, or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from confinement.  See 8

3

U.S.C. § 1231(a)(1)(B).  Since Petitioner finished serving his sentence, no stay was either sought or entered, and no appeal was filed, Petitioner's removal order  became final on February 9, 2006, that is, 30 days after its issuance on January 10, 2006.  See 8 C.F.R. § 240.15 ("An appeal shall be filed within 30 calendar days after mailing of a written decision, the stating of an oral decision, or the service of a summary decision").

Therefore, Petitioner's removal period began on February 10, 2006.  See 8 U.S.C. § 1231(a)(1)(B).  While, during the "removal period," the alien must be detained, see id. § 1231(a)(2), after the removal period, the government may detain the alien or release him subject to conditions of release.  See id. § 1231(a)(6).  In Zadvydas, the Supreme Court held that aliens may be detained under § 1231(a)(6) only for "a period reasonably necessary to bring about that alien's removal from the United States."  533 U.S. at 689 (holding that "the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States [and] does not permit *indefinite* detention."  Emphasis supplied).

Recognizing that its holding would lead to difficult judgment calls in the courts, the Supreme Court, "for the sake of uniform administration in the federal courts" recognized a six-month "presumptively reasonable period of detention."  Id. at

4

700-01.  Furthermore, the Supreme Court clarified that,

> [a]fter this 6-month period, once the alien provides *good reason to believe* that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

533 U.S. at 701 (emphasis supplied).

On the facts presented by Petitioner, Petitioner does not qualify for a writ of habeas corpus.  Since Petitioner's removal period began on February 10, 2006, see 8 U.S.C. § 1231(a)(1)(B), Petitioner's six-month "presumptive reasonable period of detention" under Zadvydas will expire on August 10, 2006.  See Zadvydas, 533 U.S. at 700-01.  Petitioner, however, filed the instant Petition on April 26, 2006, when Petitioner's Zadvydas "presumptive reasonable period of detention" had three and a half months left.

Since Petitioner's Zadvydas "presumptive period" had had three and a half months left at the time of Petitioner's filing of his Petition (and about three months left as of the date of this Opinion), and Petitioner's evidence in support of his claim that "Petitioner's removal to Haiti . . . is not significantly likely to occur in the reasonably foreseeable future," Pet. at 8,

5

is limited to: (1) Petitioner's reference to the "Department of State . . . issu[ance of] a travel advisory . . . to all United States citizens . . . visiting or traveling to Haiti, id. at 5; and (2) Petitioner's self-serving assertion that "[t]he likely[]hood of Haiti being a stabilized country this year is very unlikely and this plays part in criminal deportees would be sent back in the near future from [Petitioner's] understanding." id., this Court finds that Petitioner failed to carry his burden of showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 701.  This Court, however, notes that Petitioner is free to file another § 2241 petition should, after expiration of his Zadvydas "presumptive period," Petitioner develop good evidence-based reason to believe that his removal is no longer reasonably foreseeable.

**CONCLUSION**

Petitioner's application for a writ of habeas corpus under § 2241 is hereby denied.  An appropriate Order accompanies this Opinion.

      /s/ Faith S. Hochberg
**United States District Judge**

Dated:  June 15, 2006